THE STATE *ex relatione* R. G. FULGHAM, plaintiff in error, *vs.* B. B. JOHNSON, defendant in error.

A writ of *quo warranto* was filed in behalf of the State of Georgia on the relation of Fulgham against Johnson for the purpose of inquiring by what authority the defendant, Johnson, assumed to exercise and perform the office and duties of tax-collector of the county of Pulaski, and on the hearing of the case, the Court decided that Fulgham was the *legally* elected tax-collector for that county, and that Johnson was not, and rendered a judgment of *ouster* against said Johnson, ousting him from said office and the exercise and enjoyment of the privileges, duties and emoluments of the same, and ordered that the Clerk of the Court should transmit a certified copy of the judgment of the Court in that case to the Governor of the State for his action. After the rendition of the judgment of ouster against Johnson, an application was made to the Court for a rule calling upon Johnson to show cause why an attachment for contempt should not be issued against him for continuing to perform and exercise the office and duties of

Fulgham *vs.* Johnson.

tax-collector in said county, which application was refused: *Held*, that the issuing of a writ of *quo warranto* is not a proceeding on the equity side of the Court, and that, inasmuch as the judgment in this case, so far as the same related to the defendant, only ousted him from the office of tax-collector, *without more*, the legal effect of such judgment was to render null and void all his pretended official acts as such tax-collector, *after the rendition of such judgment*, and thus deprived him of all *official authority* as such tax-collector to interfere in any way with the legal rights of the citizens of that county in that capacity. The legal presumption is, that when the Governor is officially informed of the judgment of the Court rendered in this case, he will issue a commission to the party who, under the law, as declared by the judgment of the competent tribunal, is entitled to it. The judgment of the Court below is that Fulgham *is* entitled to the office under the laws of the State, and that Johnson *is not*.

*Quo Warranto.* Contempt. Decided by Judge ALEX-ANDER. Pulaski Superior Court. October Term, 1869.

In December, 1868, the State, upon the relation of Fulgham, sued out *quo warranto* against Johnson, averring that in April, 1868, Fulgham was elected tax-collector of said county for two years from said last date, and was eligible, and entitled to hold said office, and yet Johnson had been commissioned as such tax-collector by the Governor, had given the bond and taken the oath required by law, and was exercising the functions of that office, and praying that Johnson show by what warrant he was so acting. Johnson appeared and pleaded his said commission as his warrant, and that Fulgham was ineligible to said office under the fourteenth amendment of the Constitution of the United States. Issue having been joined, the jury found that Fulgham was eligible to said office. Thereupon the Court passed an order ousting Johnson from said office.

It was afterwards represented to the Court that the Governor refused to commission Fulgham, and that Johnson disregarded said order, and still exercised the functions of said office, and he was asked to grant a rule *nisi*, calling on Johnson to show cause why he should not be punished for contempt for so doing. The Court refused to grant the rule upon the ground that the Court had no jurisdiction to enforce its said

judgment of *ouster* under these circumstances. This refusal is sssigned as error.

HANSELL, BURKE & GRICE, by S. HALL, for plaintiff in error, cited Irwin's Code, secs. 194, 4614, 3165, 3145; Pyron vs. Lowe, 8th Ga. R., 230; Lowe vs. Towns, Gov., 8th Ga. R., 360; Howard vs. Durand, 36th Ga. R., 346.

PATE, RYAN & WATSON, by LANIER & ANDERSON, for defendant in error.

WARNER, J.

This was an application made to the Court below by the plaintiff in error, for a rule calling upon the defendant to show cause why an attachment should not issue against him for contempt for continuing to exercise and perform the duties of tax-collector of Pulaski county after there had been a judgment of *ouster* rendered against him by the Superior Court. It appears from the record that a *quo warranto* had been sued out in the name of the State, on the relation of Fulgham, who claimed to be the legally elected tax-collector of said county, against Johnson, alleging that the latter had usurped the office of tax-collector, and assumed to perform and exercise the duties thereof without *authority of law*. On the trial of this issue the judgment of the Court was, that Fulgham was the legally elected tax-collector, and that Johnson was not, and judgment of *ouster* was rendered against him. The Court ordered a certified copy of the judgment to be transmitted to the Governor of the State for his action.

The issuing of a writ of *quo warranto* is not a proceeding on the equity side of the Court, but is a common law proceeding; 3d Bl. Com., 257, 262. The legal effect of the judgment was to *oust* the defendant from the office of tax-collector, without more, and to render null and void all his pretended official acts as such tax-collector, *after* the rendition of such judgment, and thus deprive him of all *official authority*, as such tax-collector, to interfere in any way with the legal rights of the citizens of that county in *that capacity*.

The Court below acted upon the legal presumption (as it had the right to do) that the Governor of the State, when officially informed of the judgment of the Court rendered in the case, that he would *promptly* comply therewith, and issue a commission to the party, who, under the law, as declared by the judgment of the proper and competent tribunal of the State, is entitled to it. In the monarchial government of England the king never fails to comply with the judgments of his Courts even when a right is claimed against the Crown, and as was said by this Court in *Lowe vs. Towns, Governor, 8th Georgia Reports,* 373, "to presume that the Executive officer of the State would withhold the commission from one who has been judicially declared by a Court of competent jurisdiction, *legally* elected to the office, would be to say that such officer was above the laws of the people; that he had the right to exercise *despotic* power regardless of the laws of the people, and in the language of Chief Justice Marshall, at *his discretion* sport away the vested rights of individuals secured and protected by *the laws of the land.*" In our judgment, the Court below did not err in refusing the application for an attachment, and in giving the direction to the case which he did. Let the judgment of the Court below be affirmed.